## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **SCOTTSDALE INSURANCE COMPANY,**<br><br>    **Plaintiff,**<br><br>    **v.**<br><br>**BERGEN COUNTY PROTECT AND RESCUE FOUNDATION, VINCENT ASCOLESE and CINDY ALEMAN,**<br><br>    **Defendants.** | Civ. No. 22-03338 (KM) (AME)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court on the plaintiff's motion (DE 19)[1] for entry of a default judgment against two of the three defendants. For the reasons stated herein, the motion is denied.

### I. BACKGROUND

In this insurance declaratory judgment action, the parties (including crucial, absent ones) must be notionally realigned if the allegations are to make sense. Bergen Protect and Rescue Foundation and Vincent Ascolese (together, the "Animal Shelter") operate a facility that rescues stray animals. Scottsdale Insurance Company (the "Insurer") is the Animal Shelter's insurance carrier. Cindy Aleman ("Aleman"), though formerly an employee of the Animal Shelter, was helping out as an unpaid volunteer on November 22, 2018. Unfortunately, she was bitten in the arm by a pit bull terrier and suffered serious injuries as a result. The Insurer, learning of the incident, reserved its rights as to coverage.

---

[1]   Certain citations to the record are abbreviated as follows:

DE = docket entry

Compl. = Complaint (DE 1)

Aleman sued the Animal Shelter in New Jersey state court. The Animal Shelter defaulted, and judgment was entered against it. According to the Insurer, the Animal Shelter never notified it of the state court action. Later, the Animal Shelter claimed it had never been served, and the Insurer (still reserving its rights as to coverage) undertook to defend the Animal Shelter and obtained an order vacating the judgment.

The state court action then went to non-binding arbitration. The arbitrator awarded $125,000 in damages, an award that was later judicially confirmed.[2]

The Insurer brought this federal action seeking a declaration that its policy does not cover Aleman's claim against the Animal Shelter. Aleman answered the Insurer's declaratory judgment complaint. The Animal Shelter did not answer or move in response to the complaint, and the clerk therefore entered default. Now before the Court is the Insurer's motion for a default judgment against the Animal Shelter, declaring that Aleman's claim is not covered by the policy. (DE 19) Aleman (not the Animal Shelter) has filed a response in opposition to that motion. (DE 23) The Insurer has filed a reply. (DE 24, 25)

## II.   LEGAL STANDARD

### 1. Default Judgment

The prerequisites to a default judgment are proper service of the summons and complaint, the defendant's failure to answer or move in response within the prescribed time limit, and the clerk's entry of default. *See Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 18–19 (3d Cir. 1985); Fed. R. Civ. P. 12(a). The face of the docket establishes that those prerequisites are met and, lacking any countervailing evidence, I will not discuss them further.

---

[2]     On February 17, 2023, while this action was pending, the New Jersey Superior Court affirmed the award and entered judgment in the amount of $125,000. (DE 23-2) The apparent basis for the amount was the original, vacated judgment of $250,000, reduced to reflect a 50-50 apportionment of fault as between the plaintiff and defendant. (DE 23-2 at 6)

Thereafter, a court considering the entry of a default judgment must evaluate the following three factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

### 2. Rule 12(b)(6)

Under Fed. R. Civ. P. 12(b)(6), the Court may dismiss a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). On such a motion, the well-pleaded factual allegations of the complaint must be taken as true, with all reasonable inferences drawn in plaintiff's favor. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). The factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, demonstrating that it is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

### 3. Declaratory Judgment

The underlying insurance-law merits aside, the Insurer here must persuade the Court that its claim is appropriate for resolution *via* the anticipatory device of a declaratory judgment. Judge Andrews of the United States District Court for the District of Delaware has succinctly summarized the discretionary standards governing a declaratory judgment action as follows:

> The Declaratory Judgment Act states that "any court of the United States ... may declare the rights of and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2202(a). When only declaratory relief is sought, federal courts are granted more flexibility in exercising their discretion to hear the case. *See Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494-95, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942); *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). In

3

the Third Circuit, courts weigh various factors in determining whether to decline to hear a declaratory judgment case including:

> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy; (2) the convenience of the parties; (3) the public interest in settlement of the uncertainty of obligation; (4) the availability and relative convenience of other remedies; (5) a general policy of restraint when the same issues are pending in a state court; (6) avoidance of duplicative litigation; (7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for *res judicata*; and (8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

*Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 146 (3d Cir. 2014);

*Philadelphia Indem. Ins. Co. v. Transit U, Inc.*, 550 F. Supp. 3d 140, 148 (D. Del. 2021).

## III.   DISCUSSION

I will not exercise my discretion to enter a declaratory judgment. Realigning the parties to correspond to their interests, we have (a) a tort plaintiff, Aleman, who has an unsatisfied $125,000 judgment (b) against a tort defendant, the Animal Shelter; and (c) the Animal Shelter's liability carrier, the Insurer.

The Insurer, understandably, would prefer to push Aleman aside while it settles matters as between itself and its insured. The Animal Shelter's default has presented it with an opportunity to do so. Seeking a preemptive declaration that it has no indemnification obligation, the Insurer insists that Aleman has no role in this dispute. The Insurer stresses that *only* if Aleman first unsuccessfully seeks to enforce her judgment against the Animal Shelter can she proceed via a direct action against the Insurer. (Insurer Reply Brf. (DE 25) at 7 (citing, *inter alia, Ferguson v. Travelers Indemnity Company,* No. A-3530-12T3, 2014 N.J. Super. Unpub. Lexis 1894 (App. Div. Aug. 4, 2014)). That has not, or at least has not yet, occurred. From the Insurer's point of view, if and

4

when we arrive at that point, its own non-liability will already be a *fait accompli* as a result of the default judgment here.

Nevertheless, the Insurer must still persuade this Court that its rights, whatever they may be, are appropriately asserted on a preemptive basis, *via* the vehicle of a declaratory judgment. Here the factors enumerated by the Third Circuit in *Reifer v. Westport Ins. Corp, supra,* come into play. Those factors, I find, required that the court withhold the declaratory judgment remedy.

The issues presented by the plaintiff are premature and contingent. The insured Animal Shelter, remember, has defaulted more than once, and does not seem to be making a claim under the policy. The coverage issue, insofar as it will ever matter, will probably matter only if Aleman brings state proceedings to enforce her judgment against the Animal Shelter, but the judgment remains unsatisfied, potentially entitling her to pursue a direct action against the Insurer.

A serious question therefore arises as to whether a judgment here will resolve matters or advance the conclusion of litigation. Assume, for example, that the Insurer succeeds in its contention that Aleman, though present, has no role in this dispute, and obtains a default judgment of non-coverage against the absent Animal Shelter. Inevitably, Insurer will claim that non-coverage is res judicata in subsequent state proceedings involving Aleman; inevitably, Aleman will assert that she had no opportunity to litigate the issue in this proceeding (and indeed that the Insurer insisted that this was so). I do not prejudge any res judicata issues, but it appears that the Insurer's quest for a procedural advantage, even on its own terms, may produce nothing but unnecessary complication of the issues. It is only the Insurer's assertion of an empty claim of non-coverage against an absent insured that would give rise to any res judicata issues in the first place. Coverage issues should be litigated once, not twice. And, assuming that the Animal Shelter continues to be a no-show, those issues should be litigated by Aleman, the real party in interest, if

and when she is entitled to bring a direct action against the Insurer. That is the efficient course, and one which reflects the true alignment of interests here.

To put it another way, the Insurer here seeks to litigate against an empty chair, while ignoring the party that is sitting before it. Ideally, the opposite should be the case. The equitable and just course is to posture the case so that, in any subsequent state proceedings, there will be an adversarial presentation of the issues between parties who have appeared and have an interest in their resolution.

## IV.  CONCLUSION

For the reasons set forth above, the plaintiff's motion (DE 19) for entry of a default judgment against the Animal Shelter defendants is denied. A separate order will issue.

Dated: July 10, 2023

/s/ Kevin McNulty

_____

**Hon. Kevin McNulty**
**United States District Judge**